**Index of Attachment A**

FEBRUARY 6, 2013 DECLARATION OF SANJAY BHANDARI
Exhibit 1 thereto      Docket report in *US v. Lopez*, 12CR5236 (S.D. Cal.)
Exhibit 2 "          *US v. Lopez* Indictment
Exhibit 3 "          Docket report in *US v. Unico*, 13CR0355 (S.D. Cal.)
Exhibit 4 "          *US v. Unico* Information and Deferred Prosecution Agreement
Exhibit 5 "          Pretrial release order in *US v. Lopez*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>v.<br><br>MARK A. LEFKOWITZ,<br>COMPASS CAPITAL GROUP, INC.<br>MARK A. LOPEZ,<br>UNICO, INC.,<br>STEVEN R. PEACOCK,<br>SHANE H. TRAVELLER,<br>ADVANCED CELL TECHNOLOGY, INC.,<br><br>         Defendants. | CASE NO. 8:12-CV-1210T35MAP<br><br>**FEBRUARY 6, 2013 DECLARATION OF SANJAY BHANDARI** |

I, Sanjay Bhandari, hereby declare under penalty of perjury as follows.

1.  I am counsel for defendant Unico, Inc. in this case and in the related criminal case in the Southern District of California.  I make this Declaration in support of *Defendants Unico, Inc., Steven R. Peacock, and Shane H. Traveller's: (1) Request for Judicial Notice, and (2) Joinder in Defendant Mark A. Lopez's Motion to Transfer Venue* (the "Joinder").

2.  Attached hereto are true and correct copies of the following documents available on PACER in the following criminal cases:

| | |
|---|---|
| Exhibit 1 | Docket report in *US v. Lopez*, 12CR5236 (S.D. Cal.) |
| Exhibit 2 | *US v. Lopez* Indictment |
| Exhibit 3 | Docket report in *US v. Unico*, 13CR0355 (S.D. Cal.) |
| Exhibit 4 | *US v. Unico* Information and Deferred Prosecution Agreement |
| Exhibit 5 | Pretrial release order in *US v. Lopez* |

3.  The federal prosecutors handling the *US v. Unico* case have told me they expect to file a related case notice transferring the case to District Judge Irma E. Gonzalez

1

shortly.  Based on my several years of experience with such matters in the Southern District of California, the *US v. Unico* case should and will be transferred to Judge Gonzalez.

4.     I began representing Unico in mid-2011, and have invested significant time and resources to case analysis that would be very difficult to transfer to new counsel. Unico's defense of this action is covered by an insurance policy that also covers Mr. Lopez's defense costs.  Rather than stating exactly what remains in that fund and how it has been drawn to date, which may be prejudicial and risks waiving privilege, I will simply state that based on my knowledge of this case, and knowing the bills of my firm and Mr. Lopez's firm thus far, Unico and Mr. Lopez will have to be *extremely* limited in the defense of this case. Even 3-4 months of moderate activity will likely fully deplete the limited funds remaining.  I am willing to answer any related questions for the Court on an *ex parte, in camera* basis.

5.     Rather than burdening the Court with several declarations on simple matters, I conferred with *pro se* defendants Peacock and Traveller about the matters discussed in this Declaration and the Joinder, and provided them a copy of both.  Each adopts and advances the statements about each of them made in the Joinder.

6.     At this time, having met with Mr. Lopez and discussed this amongst counsel, both Unico and Mr. Lopez intend to call Mr. Lopez at trial in their defense.

Executed under penalty of perjury in San Diego, California.

Dated: February 6, 2013              *s/ Sanjay Bhandari*
                                     SANJAY BHANDARI

PROTO,SEALDC

# U.S. District Court
## Southern District of California (San Diego)
## CRIMINAL DOCKET FOR CASE #: 3:12-cr-05236-IEG-1

Case title: USA v. Lopez                          Date Filed: 12/21/2012

Assigned to: Judge Irma E. Gonzalez

**Defendant (1)**

**Mark Anthony Lopez**                represented by    **John Douglas Kirby**
                                                        Law Offices of John D Kirby
                                                        1010 Second Avenue
                                                        Suite 1850
                                                        San Diego, CA 92101
                                                        (619) 557-0100
                                                        Fax: (619) 557-0123
                                                        Email: jkirby@johnkirbylaw.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: CJA Appointment*

**Pending Counts**                               **Disposition**

18:1349; 18:982(b) and 21:853(p) -
Conspiracy to Commit Securities Fraud;
Criminal Forfeiture
(1)

18:1519 - Destruction, Alteration and
Falsification of Records
(2-3)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                            **Disposition**

None

**Highest Offense Level (Terminated)**

None

EXHIBIT 1, page 1
Attachment A, page 4

| Complaints | Disposition |
|---|---|
| None | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **U S Attorney CR** |
| | | U S Attorneys Office Southern District of California |
| | | Criminal Division |
| | | 880 Front Street |
| | | Room 6293 |
| | | San Diego, CA 92101 |
| | | (619)557-5610 |
| | | Fax: (619)557-5917 |
| | | Email: Efile.dkt.gc2@usdoj.gov |
| | | *TERMINATED: 01/23/2013* |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant United States Attorney* |
| | | |
| | | **Timothy C. Perry** |
| | | U S Attorney's Office |
| | | Southern District of California |
| | | 880 Front Street |
| | | Room 6293 |
| | | San Diego, CA 92101-8893 |
| | | (619) 546-7966 |
| | | Fax: (619) 546-0450 |
| | | Email: Timothy.Perry@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant United States Attorney* |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/21/2012 | 1 | INDICTMENT as to Mark Anthony Lopez (1) count(s) 1, 2-3.(leh). Modified on 1/23/2013 Case Unsealed, Doc Attached (leh). (Entered: 12/21/2012) |
| 12/21/2012 | 2 | NOTICE OF RELATED CASE(S) by USA of case(s) 12CR4714-IEG. (leh) Modified on 1/23/2013 Case Unsealed, Doc Attached (leh) (Entered: 12/21/2012) |
| 12/21/2012 | 3 | ARREST WARRANT ISSUED by Magistrate Judge Mitchell D. Dembin in case as to Mark Anthony Lopez.(leh). Modified on 1/23/2013 Case Unsealed, Doc Attached (leh). Modified on 1/24/2013 - Adjusted document access level setting. (mdc) (Entered: |

EXHIBIT 1, page 2
Attachment A, page 5

| | | 12/21/2012) |
|---|---|---|
| 01/22/2013 | | Arrest of Mark Anthony Lopez (no document attached) (lao) (Entered: 01/22/2013) |
| 01/22/2013 | 4 | Set/Reset Duty Hearings as to Mark Anthony Lopez: Arraignment on Indictment set for 1/22/2013 in Courtroom H before Magistrate Judge Barbara Lynn Major. (no document attached) (lao) (Entered: 01/22/2013) |
| 01/22/2013 | 5 | Minute Entry for proceedings held before Magistrate Judge Barbara Lynn Major: Initial Appearance and Arraignment on Indictment as to Mark Anthony Lopez (1) Count 1,2-3 held on 1/22/2013. Government's oral motion to unseal case is granted. Not Guilty plea entered. Attorney John Kirby (n/a) provisionally appointed for Mark Anthony Lopez. Bond set as to Mark Anthony Lopez (1) No Bail. Bond Hearing set for 1/23/2013 09:30 AM in Courtroom H before Magistrate Judge Barbara Lynn Major. Motion Hearing/Trial Setting set for 2/25/2013 02:00 PM in Courtroom 01 before Judge Irma E. Gonzalez. (cc: Sealed Clerk) (CD# 1/22/2013 BLM 13:1:48-1:59). (Plaintiff Attorney Josh Mellor, AUSA, Nancy Gudell, AUSA, Jim Perry, AUSA). (Defendant Attorney Michael Marks, FD-S/A, Sandra Hourani, FD-S/A). (no document attached) (lao) (Entered: 01/23/2013) |
| 01/22/2013 | 6 | ***English. No Interpreter needed as to Mark Anthony Lopez (no document attached) (lao) (Entered: 01/23/2013) |
| 01/23/2013 | 7 | MOTION for Protective Order by USA as to Mark Anthony Lopez. (Attachments: # 1 Memo of Points and Authorities)(Perry, Timothy). (jah). (Entered: 01/23/2013) |
| 01/23/2013 | 9 | Minute Entry for proceedings held before Magistrate Judge Barbara Lynn Major: Bond Hearing as to Mark Anthony Lopez held on 1/23/2013. Court orders financial affidavit due by close of business on 1/31/2013. Court sets bond at $100,000 P/S secured by trust deed. Attorney Appointment Hearing set for 1/31/2013 09:00 AM before Magistrate Judge Barbara Lynn Major. (CD# 1/23/2013 BLM13-9:30-10:08). (Plaintiff Attorney Timothy Perry AUSA). (Defendant Attorney John Kirby). (no document attached) (jmy) (Entered: 01/24/2013) |
| 01/23/2013 | 10 | ORDER Setting Conditions of Release. Bond set for Mark Anthony Lopez (1) $100,000. Secured by co-signatures of owners of property, Nebbia Hearing and Exam of Sureties. Dft to surrender passport to Pretrial Services. Signed by Magistrate Judge Barbara Lynn Major on 1/23/2013. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 01/24/2013) |
| 01/24/2013 | 8 | Arrest Warrant Returned Executed, in case as to Mark Anthony Lopez (1), re Doc. 3 Arrest Warrant Issued. (Per USMS, deft was arrested on 1/22/2013 by the FBI.) (mdc) Modified on 1/24/2013 - A copy was not mailed to unregistered atty John Douglas Kirby. (mdc) (Entered: 01/24/2013) |
| 01/24/2013 | 11 | ORDER granting USA's 7 Motion for Protective Order Regarding Discovery as to Mark Anthony Lopez (1). Signed by Judge Irma E. Gonzalez on 1/24/2013. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 01/24/2013) |
| 01/25/2013 | 12 | CJA 23 Financial Affidavit by Mark Anthony Lopez. (jah) (Entered: 01/25/2013) |
| 01/29/2013 | 13 | NOTICE OF HEARING as to Defendant Mark Anthony Lopez. As requested by defense counsel, a Nebbia Hearing has been set for 1/31/2013 09:00 AM in Courtroom H before |

EXHIBIT 1, page 3

Attachment A, page 6

CM/ECF - casd                                    https://ecf.casd.uscourts.gov/cgi-bin/DktRpt.pl?260826501842568-L_1_0-1

| | | Magistrate Judge Barbara Lynn Major. (no document attached) (mnb) (Entered: 01/29/2013) |
|---|---|---|
| 01/30/2013 | 14 | ACKNOWLEDGMENT OF SURETIES *and Request To Appear Telephonically* by Mark Anthony Lopez (Kirby, John). (jah). (Entered: 01/30/2013) |
| 01/30/2013 | 15 | ACKNOWLEDGMENT OF SURETIES *and Request To Appear Telephonically* by Mark Anthony Lopez (Kirby, John). (jah). (Entered: 01/30/2013) |
| 01/30/2013 | 16 | ACKNOWLEDGMENT OF SURETIES *and Request To Appear Telephonically* by Mark Anthony Lopez (Kirby, John). (jah). (Entered: 01/30/2013) |
| 01/31/2013 | 20 | Minute Entry for proceedings held before Magistrate Judge Barbara Lynn Major: Attorney Appointment Hearing as to Mark Anthony Lopez held on 1/31/2013. Appointment of John Kirby is confirmed upon review of the Financial Affidavit. Nebbia Hearing as to Mark Anthony Lopez held on 1/31/2013. Sureties Michael Roberts, Lisa Roberts, and Rhonda Reid Gordon appeared telephonically in the presence of a notary. Sureties sworn & examined. Court approves sureties and the proposed bond packet. (CD# 1/31/2013 BLM 9:19-9:33). (Plaintiff Attorney Tim Perry, AUSA). (Defendant Attorney John Kirby, CJA). (no document attached) (jer) (Entered: 01/31/2013) |
| 01/31/2013 | 21 | Personal Surety Bond Entered as to Mark Anthony Lopez in amount of $100,000.00, Signed by Magistrate Judge Barbara Lynn Major on 1/31/2013. (jah) (Entered: 02/01/2013) |
| 01/31/2013 | 22 | ABSTRACT OF ORDER Releasing Mark Anthony Lopez re 21 Bond (jah). Modified on 2/1/2013 - Address for Atty Kirby updated to reflect address as listed on Doc. 14 . ATTY MAINT (jah). (Entered: 02/01/2013) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/04/2013 15:54:52 | | |
| **PACER Login:** | sb7140 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:12-cr-05236-IEG |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

EXHIBIT 1, page 4

2/4/2013 4:00 PM

Attachment A, page 7

2012 DEC 21  PM 2:52

SCUT...............

____ xc cm

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

February 2012 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. _____ |
| Plaintiff, | INDICTMENT |
| v. | Title 18, U.S.C., Sec. 1349 – Conspiracy to Commit Securities Fraud; Title 18, U.S.C., Sec. 1519 – Destruction, Alteration and |
| MARK ANTHONY LOPEZ, | Falsification of Records; Title 18, U.S.C., Secs. 982(b) and Title 21, U.S.C., 853(p) - Criminal |
| Defendant. | Forfeiture |

The grand jury charges:

Introductory Allegations

1.    Unico, Inc. ("Unico") was a publicly traded company incorporated in Arizona with headquarters in San Diego, California. Shares of Unico were traded on the Over-the-Counter Bulletin Board.

2.    Defendant MARK ANTHONY LOPEZ ("LOPEZ") was the Chief Executive Officer ("CEO") of Unico. LOPEZ was also a member of Unico's Board of Directors. As CEO, LOPEZ had the power to act on behalf of Unico.

3.    Mark Allen Lefkowitz ("Lefkowitz"), who is charged elsewhere, was a stock trader based in New Jersey. Lefkowitz was the owner of several shell companies, including: Blue Marble Investments, Ltd; Kentan Limited Corporation; Outboard Investments, Ltd.; Reef Holdings, Ltd.;

TCP:vp:San Diego
12/20/12

1   Umbrella Holdings, Ltd.; and Yanzu, Inc.; and Compass Capital Group, Inc. (collectively, the

2   "Lefkowitz Entities"). Compass Capital Group, Inc., was based in New Jersey. The rest of the

3   Lefkowitz Entities were based in the Turks and Caicos Islands.

4        4.     At all relevant times, a publicly traded company such as Unico could not issue new shares

5   of its stock without filing a registration statement with the Securities and Exchange Commission (the

6   "SEC"). However, there were exceptions to this general rule. For example, under the Investment

7   Company Act of 1940, a Business Development Company may issue stock without filing a registration

8   statement. Also for example, under Section 3(a)(10) of the Securities Act of 1933 (the "Securities Act")

9   a company may issue common stock to investors if it is doing so to (a) settle and bona fide debt and (b)

10   the settlement is approved by a court or other governmental authority after a "fairness hearing."

11        5.     Section 3(a)(10) of the Securities Act cannot be used if the true terms of such a settlement

12   are concealed from the court or other governmental authority. In addition, Section 3(a)(10) cannot be

13   used merely for the purpose of raising capital.

14                                  Count 1

15        6.     The Introductory Allegations are realleged as if fully set forth herein.

16        7.     From on or about an unknown date to on or about June 2011, within the Southern District

17   of California and elsewhere, MARK ANTHONY LOPEZ ("LOPEZ") did knowingly and intentionally

18   conspire with Lefkowitz and others to execute a scheme to defraud shareholders and others in connection

19   with a security of Unico, which is an issuer with a class of securities registered under Section 12 of the

20   Securities and Exchange Act of 1934, in violation of Title 18, United States Code, Section 1348(1).

21                     Manner and Means of the Conspiracy

22        8.     In furtherance of this conspiracy and to effect the objects thereof, LOPEZ, Lefkowitz and

23   other coconspirators utilized the following manner and means among others:

24         a.     LOPEZ and Lefkowitz would manipulate Unico's share price and volume to benefit

25              corporate insiders at the expense of outsider shareholders. To do so, LOPEZ and

26              Lefkowitz illegally issued unregistered shares of Unico stock.

27         b.     LOPEZ would cause Unico to enter into loan agreements with one or more of the

28              Lefkowitz Entities. These loans were called "debentures."

2

c.  The basic terms of the debentures were that one or more of the Lefkowitz Entities would loan cash to Unico. In exchange, Unico was to make interest payments to the Lefkowitz Entities.

d.  However, LOPEZ and Lefkowitz never believed that Unico would abide by the terms of the debenture agreements. Instead, LOPEZ and Lefkowitz pre-planned that Unico would default on each debenture.

e.  On most occasions, after Unico defaulted, one or more of the Lefkowitz Entities would sue Unico in a Sarasota, Florida court. Even though Unico had no connections to Florida, LOPEZ would submit to its jurisdiction.

f.  Very soon after the lawsuit was filed—and typically within the very same week—Unico and the Lefkowitz Entities would draft a written settlement agreement. The terms of the written settlement agreement would be extremely favorable to Lefkowitz. In short, LOPEZ would agree to settle Unico's debt by issuing new, unregistered shares stock worth on average *seven times* the debt that Unico owed.

g.  At the same time that they entered into the written settlement agreement, LOPEZ and Lefkowitz would also make a secret side-agreement. According to this secret agreement, Lefkowitz would sell the new unregistered shares on the open market and then kick back a portion of the proceeds to Unico in the form of a new loan.

h.  Next, LOPEZ and Lefkowitz would present their written settlement agreement to the Florida court. However, Defendant and CEO would mislead the Florida court by concealing material facts, including: the existence of the secret side-agreement to kick back proceeds from the sale of unregistered stock and that the parties created the debentures only to conjure the appearance of a "bona fide debt" so that Unico could issue a large volume of unregistered shares under Section 3(a)(10) of the Securities Act.

i.  In addition, Unico would conceal from the Florida court the market value of the shares and that the value of the shares issued to the Lefkowitz Entities under the settlement agreement was much larger than the actual debt. Furthermore, Unico would falsely assert to the Florida court that it had no other means to settle its debt.

3

1       j.    Despite misleading the Florida court, LOPEZ and Lefkowitz would claim through their

2            lawyers that they had met the requirements of Section 3(a)(10) of the Securities Act.

3            They would then ask the Florida court to approve the settlement.

4      k.    Misled by LOPEZ and Lefkowitz's false statements and omissions, the Florida court

5            would approve the agreement.   Unico would then issue new, unregistered shares to

6            Lefkowitz.  Lefkowitz would sell these new shares on the open market to public

7            investors who were unaware that they were new and unregistered shares that diluted the

8            individual share value.

9      l.    In addition to entering into settlements with Lefkowitz, LOPEZ would seek out other

10           coconspirators and would attempt to engage in similar fraudulent transactions with them.

11      m.   LOPEZ and Lefkowitz repeated their scheme numerous times.  In total, Unico issued

12           approximately 9 billion new, unregistered shares.

13      n.    To conceal the fraudulent settlements from the SEC and shareholders, LOPEZ would

14           cause Unico to make false statements in public filings.

15      o.    Similarly, LOPEZ would conceal evidence from the SEC, refusing to produce copies of

16           emails in response to a subpoena.  For example, LOPEZ printed out emails and secreted

17           them in two manila folders, one marked "Files Deleted" and the other marked "Not

18           Released to SEC Subpoena (Delete)."

19      p.    To maintain his position as a corporate insider who benefitted at the expense of outsider

20           shareholders, Lefkowitz would ply LOPEZ with perks.  These included paid vacations

21           to the Turks and Caicos Islands, paid vacations in Las Vegas, Nevada, gambling money

22           and other benefits.

23      q.    Through these manner and means and others, LOPEZ transferred unregistered shares

24           worth more than $28 million to Lefkowitz, causing shareholder value to drop by more

25           than $8 million.

26   All in violation of Title 18, United States Code, Section 1349.

27   //

28   //

4

1                                           Count 2

2        9.      On or about October 13, 2009, within the Southern District of California, MARK

3 ANTHONY LOPEZ did knowingly falsify and make a false entry in the record of a deposition

4 conducted by the SEC in that he testified that there was "never" an agreement to split proceeds from the

5 sale of Unico stock issued as part of a settlement under Section 3(a)(10) of the Securities Act, and that

6 he did so with the intent to impede, obstruct and influence the investigation and proper administration

7 of a matter within the jurisdiction of the SEC, an agency of the United States; in violation of Title 18,

8 United States Code, Section 1519.

9                                           Count 3

10      10.    From on or about an unknown date up to and including June 29, 2011, within the

11 Southern District of California, MARK ANTHONY LOPEZ did knowingly alter, conceal, cover up and

12 falsify a set of emails exchanged, on February 27, 2007, between himself and another person, by

13 concealing the email from the SEC, deleting the email, redacting portions of the email, printing the email

14 and secreting it in a manila folder marked "Files Deleted," with the intent to impede, obstruct, and

15 influence the investigation and proper administration of a matter within the jurisdiction of the SEC, an

16 agency of the United States; in violation of Title 18, United States Code, Section 1519.

17                        CRIMINAL FORFEITURE ALLEGATIONS

18        As a result of the commission of the felony offenses alleged in Count 1, said violation being

19 punishable by imprisonment for more than one year, and pursuant to Title 18, United States Code,

20 Sections 982(a)(2)(B) and 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), MARK

21 ANTHONY LOPEZ shall, upon conviction, forfeit to the United States all rights, title and interest in any

22 and all property constituting, or derived from proceeds, the defendants obtained directly or indirectly,

23 as a result of such violations, including, but not limited to a monetary judgment equaling the sum of not

24 less than $3,875,496 based on the gross proceeds realized from the aforementioned offenses by the

25 coconspirators; all in violation of Title 18, United States Code, Sections 982(a)(2)(B) and 981(a)(1)(C)

26 and Title 28, United States Code, Section 2461(c).

27 //

28 //

5

1    If any of the above-described forfeitable properties, as a result of any act or omission of the

2  defendants:

3            (1)    cannot be located upon the exercise of due diligence;

4            (2)    has been transferred or sold to, or deposited with, a third person;

5            (3)    has been placed beyond the jurisdiction of the Court;

6            (4)    has been substantially diminished in value; or

7            (5)    has been commingled with other property which cannot be subdivided without

8                   difficulty;

9  it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), and

10 Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants

11 up to the value of the said property listed above as being subject to forfeiture.

12         DATED: December 21, 2012.

13                                              A TRUE BILL:

14

15                                              Foreperson

16 LAURA E. DUFFY
   United States Attorney
17

18 By:

19    TIMOTHY C. PERRY
      Assistant U.S. Attorney
20
   By:
21    VALERIE H. CHU
      Assistant U.S. Attorney
22

23

24

25

26

27

28

                                          6

CM/ECF - casd                                                    https://ecf.casd.uscourts.gov/cgi-bin/DktRpt.pl?38969055843823-L_1_0-1

# U.S. District Court
## Southern District of California (San Diego)
## CRIMINAL DOCKET FOR CASE #: 3:13-cr-00355-JAH-1

---

Case title: USA v. Unico, Inc.                         Date Filed: 01/30/2013

---

Assigned to: Judge John A. Houston

**Defendant (1)**

**Unico, Inc.**                        represented by   **Sanjay Bhandari**
                                                        750 B Street, Suite 3300
                                                        San Diego, CA 92101
                                                        619-796-6250
                                                        Fax: 888-755-6225
                                                        Email: sb@bhandarilawgroup.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: Retained*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:1001 - False Statement to a Government Agency (1) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Plaintiff**

EXHIBIT 3, page 1
Attachment A, page 14

**USA**                                    represented by   **U S Attorney CR**
U S Attorneys Office Southern District of
California
Criminal Division
880 Front Street
Room 6293
San Diego, CA 92101
(619)557-5610
Fax: (619)557-5917
Email: Efile.dkt.gc2@usdoj.gov
*TERMINATED: 02/01/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant United States*
*Attorney*

**Timothy C. Perry**
U S Attorney's Office
Southern District of California
880 Front Street
Room 6293
San Diego, CA 92101-8893
(619) 546-7966
Fax: (619) 546-0450
Email: Timothy.Perry@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant United States*
*Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/30/2013 | 1 | INFORMATION as to Unico, Inc. (1) count(s) 1. (rab) (Entered: 01/31/2013) |
| 01/30/2013 | 2 | WAIVER OF INDICTMENT by Unico, Inc. (rab) (Entered: 01/31/2013) |
| 01/30/2013 | 3 | Minute Entry for proceedings held before Magistrate Judge William McCurine, Jr: Initial Appearance as to Unico, Inc. held on 1/30/2013, Arraignment as to Unico, Inc. (1) Count 1 held on 1/30/2013, Deferred Prosecution Hearing as to Unico, Inc. held on 1/30/2013; ( Status Hearing set for 1/30/2014 09:00 AM in Courtroom F before Magistrate Judge William McCurine Jr..) (CD# 1/30/2013 WMC13-3:36-3:48). (Plaintiff Attorney Timothy Perry, Valerie Chu). (Defendant Attorney Sanjay Bhandari). (no document attached) (rab) (Entered: 01/31/2013) |
| 01/30/2013 | 5 | DEFERRAL OF PROSECUTION AGREEMENT as to Unico, Inc. (jpp) (av1). (Entered: 01/31/2013) |

EXHIBIT 3, page 2
Attachment A, page 15

| 01/30/2013 | 6 | Excludable Minute Order as to Unico, Inc., XI Excludable(s) started 01/30/13 and ending on 01/30/14 as to Unico, Inc.: for deferrred prosecution. Signed by Magistrate Judge William McCurine, Jr on 01/30/13. (jpp) (av1). (Entered: 02/01/2013) |
| 01/31/2013 | 4 | NOTICE OF ATTORNEY APPEARANCE Timothy C. Perry appearing for USA. (Perry, Timothy) (jpp). (Entered: 01/31/2013) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/04/2013 16:41:09 | | | |
| **PACER Login:** | sb7140 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:13-cr-00355-JAH |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

2/4/2013 4:41 PM

EXHIBIT 3, page 3
Attachment A, page 16



**FILED**

JAN 3 0 2013

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

1

2

3

4

5              UNITED STATES DISTRICT COURT

6              SOUTHERN DISTRICT OF CALIFORNIA

7

8   | UNITED STATES OF AMERICA, | ) | Case No.  13CR0355-JAH |
    | | ) | |
    | Plaintiff, | ) | I N F O R M A T I O N |
    | | ) | |
    | v. | ) | Title 18, U.S.C., Sec. 1001(a)(2) – False Statement |
    | | ) | to a Government Agency |
    | UNICO, INC., | ) | |
    | | ) | |
    | Defendant. | ) | |
    | | ) | |

14        The United States Attorney charges:

15        On or about June 13, 2007, within the Southern District of California, Defendant Unico, Inc., did

16   knowingly and willfully make a materially false, fictitious and fraudulent statement and representation

17   within the jurisdiction of the executive branch of the United States, the Securities and Exchange

18   Commission, by filing  a Form 10-KSB that asserted that Defendant Unico, Inc., received a payment

19   from debenture holders "resulting from an adjustment in the stock price subsequent to the court ordered

20   settlement"; in violation of Title 18, United States Code, Section 1001(a)(2).

21

22   DATED: 1/30/13

23                                          LAURA E. DUFFY
                                            United States Attorney
24

25

26                                          TIMOTHY C. PERRY
                                            Assistant U.S. Attorney
27

28

1 LAURA E. DUFFY
  United States Attorney
2 TIMOTHY C. PERRY
  California State Bar No. 248543
3 VALERIE H. CHU
  California State Bar No. 241709
4 Federal Office Building
  880 Front Street, Room 6293
5 San Diego, California 92101-8893
  Telephone: (619) 546-7966
6

**ORIGINAL**

**FILED**

JAN 3 0 2013

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY     DEPUTY

7 Attorneys for Plaintiff
  United States of America

8

9      UNITED STATES DISTRICT COURT

10    FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11 UNITED STATES OF AMERICA,  ) Case No. **13 CR 0355 - JAH**
            )
12      Plaintiff,   ) **DEFERRED PROSECUTION**
            ) **AGREEMENT**
13    v.     )
            )
14 UNICO, INC.,     )
            )
15      Defendant.  )
   _____)

16    The United States Attorney's Office for the Southern District of California (the "USAO") and

17 defendant Unico, Inc. ("Unico"), by its undersigned representatives and attorneys, pursuant to authority

18 granted by Unico's Board of Directors, enter into this deferred prosecution agreement (the

19 "Agreement"). The terms and conditions of this Agreement are as follows:

20     **Criminal Information and Acceptance of Responsibility**

21    1.  Unico acknowledges and agrees that the USAO will file a one-count Criminal

22 Information in the United States District Court for the Southern District of California charging Unico

23 with violating Title 18, United States Code, Section 1001(a)(2). In so doing, Unico knowingly waives:

24 (a) its right to indictment on these charges; (b) its right to a speedy trial pursuant to the Sixth

25 Amendment to the United States Constitution, Title 18, United States Code, Section 3161, and Federal

26 Rule of Criminal Procedure 48(b); and (c) any objection with respect to venue. Unico consents to the

27 filing of the Information, as provided under the terms of this Agreement, in the United States District

28 Court for the Southern District of California.

                Initials___

1     2.     Unico admits, accepts, and acknowledges that it is responsible for the acts of its officers,

2     employees, subsidiaries, and agents as charged in the Information and the Statement of Facts, attached

3     hereto as Exhibit A, which is incorporated by reference into this Agreement, and that the allegations

4     described in the Information and the facts described in Attachment A are true and accurate.  Should the

5     USAO pursue the prosecution that is deferred by this Agreement, Unico agrees that it will neither contest

6     the admissibility of nor contradict the facts as stated in the Information and the Statement of Facts in any

7     such proceeding, including any guilty plea or sentencing proceeding.

8     **Term of the Agreement**

9     3.     This Agreement is effective for a period beginning on the date on which the Information

10     is filed and ending three (3) years from that date (the "Term").  However, Unico agrees that, in the event

11     that the USAO determines, in its sole discretion, that Unico has knowingly violated any provision of this

12     Agreement, an extension or extensions of the term of the Agreement may be imposed by the USAO, in

13     its sole discretion, for up to a total additional time period of one (1) year, without prejudice to the

14     USAO's right to proceed as provided in Paragraphs 12–15 below.  Any extension of the Agreement

15     extends all terms of this Agreement for an equivalent period.  Conversely, in the event the USAO finds,

16     in its sole discretion, that there exists a sufficient change in circumstances, then the USAO in its sole

17     discretion may terminate any provision of this Agreement, or the Agreement in its entirety, at any time.

18     **Relevant Considerations**

19     4.     The USAO enters into this Agreement based on the individual facts and circumstances

20     presented by this case and Unico.  Among the facts considered were: (a) Unico cooperated with the

21     USAO's investigation of Unico and others; (b) the majority of Unico's current Board of Directors were

22     not members of the Board of Directors when Unico's unlawful conduct took place; (c) Unico

23     subsequently undertook remedial measures, including the creation of a special litigation committee; (d)

24     Unico agreed to continue to cooperate with the USAO in any ongoing investigation of the conduct of

25     Unico and its employees, agents, consultants, contractors, subcontractors, subsidiaries, and others

26     relating to violations of the criminal law; and (e) a guilty plea and criminal conviction of Unico would

27     have caused negative collateral consequences to Unico's current Board of Directors, shareholders and

28     employees incommensurate with their roles in the offense.

Initials___

5.      Unico shall continue to cooperate fully with the USAO in its investigation of violations of criminal statutes including, but not limited to, Title 18, United States Code, Sections 1348, 1349, 1519, 1956 and 1957. Unico shall also assist the USAO in procuring the cooperation of former members of the Board of Directors and former employees of Unico.  At the USAO's request, Unico shall also cooperate fully with other domestic or foreign criminal law enforcement authorities and agencies, in any investigation of Unico, or any of its present and former officers, directors, employees, agents, consultants, contractors, subcontractors, and subsidiaries, or any other party.  Unico agrees that its cooperation shall include, but is not limited to, the following:

a.      Unico shall truthfully disclose all factual information not protected by a valid claim of attorney-client privilege or work-product doctrine with respect to its activities and those of its present and former directors, officers, employees, agents, consultants, contractors, subcontractors, and subsidiaries concerning all matters about which Unico has any knowledge or regarding which the USAO may inquire.  This obligation of truthful disclosure includes the obligation of Unico to provide to the USAO, upon request, any document, record or other tangible evidence about which the USAO may inquire of Unico.

b.      Upon request of the USAO, Unico shall designate knowledgeable employees, agents or attorneys to provide to the USAO the information and materials described in Paragraph 5(a) above, on Unico's behalf.  It is further understood that Unico must at all times provide complete, truthful, and accurate information.

c.      Unico shall use its best efforts to make available for interviews or testimony, as requested by the USAO, present or former officers, directors, employees, agents and consultants of Unico, as well as the officers, directors, employees, agents and consultants of contractors and subcontractors.  This obligation includes, but is not limited to, sworn testimony before a federal grand jury or in federal trials, as well as interviews with federal law enforcement and regulatory authorities. Cooperation under this Paragraph shall include identification of witnesses who, to Unico's knowledge, may have material information regarding the matters under investigation.

d.      With respect to any information, testimony, documents, records or other tangible evidence provided to the USAO pursuant to this Agreement, Unico consents to any and all disclosures

Initials___

3

1   to other governmental authorities, including United States authorities and those of a foreign government,

2   the Securities and Exchange Commission ("SEC") and the Financial Industry Regulatory Authority

3   ("FINRA"), of such materials as the USAO, in its sole discretion, shall deem appropriate.

4            e.     Unico shall report to the USAO any past or ongoing illegal conduct relating to

5   Unico and its present and former officers, directors, employees, agents, consultants, contractors,

6   subcontractors, and subsidiaries.

7            f.     Within a reasonable period not to exceed one month following the entry of this

8   agreement in court, Unico shall take all legal and administrative steps that are necessary to create the

9   position of Corporate Monitor ("Monitor").  This Monitor is subject to approval by the USAO.  To

10  obtain approval for a Monitor, Unico must present at least three candidates for the position of Monitor

11  to a standing ad hoc committee of the USAO, which will evaluate the candidates in consultation with

12  the Office of the Deputy Attorney General.  Should the USAO reject all of Unico's candidates, Unico

13  shall present additional candidates to the USAO until the USAO approves of at least one.  The Monitor's

14  authority and obligations are as follows:

15        (i)     The Monitor's pre-approval, in writing, shall be required before Unico may issue any

16               amount of stock.

17        (ii)    The Monitor's pre-approval, in writing, shall be required before Unico makes any public

18               filing with the SEC.

19        (iii)   The Monitor's pre-approval, in writing, shall be required before Unico may assign, sell

20               or alter its possession or ownership of any asset(s) greater than $25,000; obtain loans,

21               otherwise incur obligations known or reasonably foreseeable to be above $25,000; or

22               adopt any business plan for its operations or any change in operations.

23        (iv)   The Monitor's pre-approval, in writing, shall be required before Unico may settle, with

24               any creditor, a debt worth more than $75,000 or make any other payment of any kind

25               greater than $75,000.

26        (v)    The Monitor shall ensure that Unico pays the fine, as set forth in Paragraph 6 of this

27               Agreement, in full and on a timely basis.

28

Initials___

4

(vi)     In deciding whether to pre-approve corporate actions, the Monitor shall, above all, ensure that Unico abides by its duties to shareholders, including providing them with complete and accurate information.

(vii)    The Monitor shall be an Officer of Unico but in carrying out its duties shall act as an independent third party, and not an agent of Unico or the USAO. Nor shall the Monitor be understood to provide legal advice to Unico as part of an attorney-client relationship, regardless of whether the Monitor is an attorney.

(viii)   The Monitor shall receive notice and agendas for all full Board meetings (special and regular) of Unico's Board of Directors. The Monitor may attend those meetings in which the Board will be reviewing and possibly taking action on items over which the Monitor has approval power, but shall not be required to do so.

(ix)     The Monitor shall promptly notify the Board if the Monitor believes that any corporate action violates, or appears to violate, the terms of this Agreement. If the Board does not respond, with a cure or an adequate plan for implementing a cure, to the satisfaction of the Monitor within ten (10) days of the notification, then the Monitor shall immediately notify the USAO.

(x)      The Monitor shall not enter into employment of any type with Unico for one year following the Term.

**Payment of Monetary Penalty**

6.       The USAO and Unico agree that the applicable monetary penalty shall be calculated pursuant to the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines"). The parties agree to recommend the following:

a.       Applicable Guidelines. The Guidelines calculations below are taken from the 2012 USSG Manual and have been arrived at by stipulation of the parties.

b.       Base offense level. Based upon USSG § 2B1.1(c)(3), § 2J1.2, and in view of § 8C2.10 and 18 U.S.C. §§ 3553 and 3572, the parties stipulate that the total offense level is 14, calculated as follows:

Base offense level [§ 2J1.2(a)]                              14
**TOTAL**                                                           **14**

Initials___

5

c.  Base Fine. Based upon USSG § 8C2.4(d), the base fine is $85,000.

d.  Culpability Score. Based upon USSG § 8C2.5, the culpability score is 3, calculated as follows:

| | |
|---|---|
| Base score [§ 8C2.5(a)] | 5 |
| Cooperation [§ 8C2.5(g)] | -2 |
| **TOTAL** | **3** |

e.  Fine range. Based upon § 8C2.7, the total fine range is , calculated as follows:

| | |
|---|---|
| Base Fine [§ 8C2.4(d)] | $85,000 |
| Multipliers [§ 8C2.6] | 0.60 to 1.20 |
| **TOTAL** | **$51,000 to $102,000** |

f.  Agreed criminal penalty. The USAO and Unico agree that the appropriate criminal penalty in this case is **$51,000**, which is the bottom of the applicable Sentencing Guidelines range.

g.  Payment Schedule.  In light of Unico's disclosures to the USAO regarding its current inability to pay a fine, the USAO will defer Unico's obligation to pay any monetary penalty for 18 months from the date that this Agreement is filed.

**<u>Conditional Release from Criminal Liability</u>**

7.  In return for Unico's full and truthful cooperation, and its compliance with the terms and conditions of this Agreement, the USAO agrees, subject to paragraphs 12–15 below, not to use any information related to the conduct described in the Statement of Facts, attached hereto as Exhibit A, against Unico or any of its wholly owned or controlled subsidiaries in any criminal or civil case, except: (a) in a prosecution for perjury or obstruction of justice; (b) in a prosecution for making a false statement; (c) in a prosecution or other proceeding relating to any crime of violence; or (d) in a prosecution or other proceeding relating to a violation of any provision of Title 26 of the United States Code.  In addition, the USAO agrees, except as provided herein, that it will not bring any criminal case against Unico or any of its wholly-owned or controlled subsidiaries related to the conduct of present and former officers, directors, employees, agents, consultants, contractors and subcontractors.  This Paragraph does not provide any protection against prosecution of any present or former officer, director, employee, shareholder, agent, consultant, contractor, or subcontractor of Unico for any violations committed by them.

//

Initials___

6

**Corporate Compliance Program**

8.     Unico shall maintain a compliance and ethics program designed to prevent and detect violations of the criminal law and the securities laws throughout its operations, including those of its subsidiaries, affiliates, agents, and joint ventures.  Implementation of these policies and procedures shall not be construed in any future enforcement proceeding as providing immunity or amnesty for any crimes not disclosed to the USAO as of the date of signing of this Agreement for which Unico would otherwise be responsible.

9.     In order to address any deficiencies in its internal controls, policies, and procedures, Unico represents that it has undertaken, and will continue to undertake in the future, in a manner consistent with all of its obligations under this Agreement, a review of its existing internal controls, policies, and procedures regarding compliance with the criminal law and the provisions of the securities laws.  If necessary and appropriate, Unico will adopt new or modify existing internal controls, policies, and procedures.

**Deferred Prosecution**

10.     In consideration of: (a) Unico's past and future cooperation described in Paragraph 5 above; (b) Unico's payment of a monetary criminal penalty; and (c) Unico's ongoing review of its existing internal controls, policies, and procedures regarding compliance with the criminal law, the USAO agrees that any prosecution of Unico for the conduct set forth in the Statement of Facts be and hereby is deferred for the Term of this Agreement.

11.     The USAO further agrees that if Unico fully complies with all of its obligations under this Agreement, the USAO will not continue the criminal prosecution against Unico described in Paragraph 1 or for any other offense relating to securities fraud or obstruction of justice chargeable under Title 18, United States Code, Sections 1348 and 1519 known to the USAO and arising prior to the date of the Agreement.  At the conclusion of the Term, this Agreement shall expire.  Within thirty (30) days of the Agreement's expiration, the USAO shall seek dismissal with prejudice of the Criminal Information filed against Unico described in Paragraph 1.

//

//

Initials___

7

**Breach of the Agreement**

12.     If, during the Term of this Agreement, the USAO determines, in its sole discretion, that Unico has (a) committed any felony under federal law subsequent to the signing of this Agreement, (b) at any time provided deliberately false, incomplete, or misleading information, or (c) otherwise breached the Agreement, Unico shall thereafter be subject to prosecution for any federal criminal violation of which the USAO has knowledge, may be pursued by the USAO in the United States District Court for the Southern District of California or any other venue appropriate under law.  Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against Unico notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the expiration of the Term plus one (1) year.  Thus, by signing this Agreement, Unico agrees that the statute of limitations with respect to any prosecution that is not time-barred on the date of the signing of this Agreement shall be tolled for the Term plus one (1) year.

13.     In the event that the USAO determines that Unico has breached this Agreement, the USAO agrees to provide Unico with written notice of such breach prior to instituting any prosecution resulting from such breach.  Unico shall, within thirty (30) days of receipt of such notice, have the opportunity to respond to the USAO in writing to explain the nature and circumstances of such breach, as well as the actions Unico has taken to address and remediate the situation.

14.     In the event that the USAO determines that Unico has breached this Agreement: (a) all statements made by or on behalf of Unico to the USAO or to the Court, including the Statement of Facts attached hereto as Exhibit A, and any testimony given by Unico before a grand jury, a court, or any tribunal, or at any legislative hearings, whether prior or subsequent to this Agreement, or any leads derived from such statements or testimony, shall be admissible in evidence in any and all criminal proceedings brought by the USAO against Unico; and (b) Unico shall not assert any claim under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by or on behalf of Unico to the USAO prior or subsequent to this Agreement, and any leads derived therefrom, should be suppressed. The decision whether conduct or statements of any individual will be imputed to Unico for the purpose of determining whether Unico has violated any provision of this Agreement shall be in the

Initials___

8

1    sole discretion of the USAO.

2       15.    Unico acknowledges that the USAO has made no representations, assurances, or promises

3    concerning what sentence may be imposed by the Court if Unico breaches this Agreement and this

4    matter proceeds to judgment and sentencing. Unico further acknowledges that any such sentence is

5    solely within the discretion of the Court and that nothing in this Agreement binds or restricts the Court

6    in the exercise of such discretion.

7                       **Public Statements by Unico**

8       16.    Unico expressly agrees that it shall not, through present or future attorneys, officers,

9    directors, employees, agents or any other person authorized to speak for Unico make any public

10    statement, in litigation or otherwise, contradicting the acceptance of responsibility by Unico set forth

11    above or the facts described in the attached Statement of Facts, attached hereto as Exhibit A. Any such

12    contradictory statement shall, subject to cure rights of Unico described in this paragraph, constitute a

13    breach of this Agreement and Unico thereafter shall be subject to prosecution as set forth in this

14    Agreement. The decision whether any public statement by any such person contradicting a fact

15    contained in the Statement of Facts will be imputed to Unico for the purpose of determining whether

16    Unico has breached this Agreement shall be at the sole discretion of the USAO. If the USAO determines

17    that a public statement by any such person contradicts in whole or in part a statement contained in the

18    Statement of Facts, the USAO shall so notify Unico, and Unico may avoid a breach of this Agreement

19    by publicly repudiating such statement(s) within five (5) business days after notification. Consistent

20    with the obligations of Unico as set forth above, Unico shall be permitted to raise defenses and to assert

21    affirmative claims in civil and regulatory proceedings relating to the matters set forth in the Statement

22    of Facts. This Paragraph does not apply to any statement made by any present or former employee of

23    Unico in the course of any criminal, regulatory, or civil case initiated against such individual, unless

24    such individual is speaking on Unico's behalf.

25       17.    Unico agrees that if it or any of its direct or indirect affiliates or subsidiaries issues a press

26    release in connection with this Agreement, Unico shall first consult the USAO to determine whether (a)

27    the text of the release or proposed statements at the press conference are true and accurate with respect

28    to matters between the USAO and Unico; and (b) the USAO has no objection to the release.

Initials___

9

1    18.    The USAO agrees to bring to the attention of governmental and other debarment

2    authorities the facts and circumstances relating to the nature of the conduct underlying this Agreement,

3    including the nature and quality of Unico's cooperation and remediation.   By agreeing to provide this

4    information to debarment authorities, the USAO is not agreeing to advocate on Unico's behalf, but rather

5    is providing facts to be evaluated independently by the debarment authorities.

6                            **Limitations on Binding Effect of Agreement**

7    19.    This Agreement is binding on Unico and the USAO but specifically does not bind any

8    other federal agencies, or any state, local or foreign law enforcement or regulatory agencies, or any other

9    authorities, although the USAO will bring Unico's cooperation and compliance with its other obligations

10   under this Agreement to the attention of such agencies and authorities if requested to do so by Unico.

11                                           **Notice**

12   20.    Any notice to the USAO under this Agreement shall be given by personal delivery,

13   overnight delivery by a recognized delivery service, or registered or certified mail, addressed to the Chief

14   – Major Frauds and Special Prosecutions Section, United States Attorney's Office, Room 6293, 880

15   Front Street, San Diego, California 92101, and for Unico addressed to Chairman Edward Winders (or

16   his successor), c/o Anderson Call & Wilkinson LLP, 136 East South Temple, Suite 2400, Salt Lake City,

17   Utah 84111.   Notice shall be effective upon actual receipt by the USAO or Unico.

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

Initials___

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Complete Agreement**

    21.    This Agreement sets forth all the terms of the agreement between Unico and the USAO. No amendments, modifications or additions to this Agreement shall be valid unless they are in writing and signed by the USAO, the attorneys for Unico, and a duly authorized representative of Unico.

Dated: **1/30/13** .

**AGREED:**

**FOR UNICO, INC.:**

Date: 1-27-2013      By: _____

                EDWARD WINDERS
                Chairman of the Board
                Unico, Inc.

Date: Jan 28, 2013      By: _____

                SANJAY BHANDARI
                Bhandari Law Group
                Attorney for Unico, Inc.

**FOR THE USAO:**

                LAURA E. DUFFY
                United States Attorney

Date: **1/30/13** By: _____

                TIMOTHY C. PERRY
                VALERIE H. CHU
                Assistant United States Attorneys

Initials_

11

## COMPANY OFFICER'S CERTIFICATE

1

2    I certify that I am the Chairman of the Board for Unico, Inc.  As such, I have been authorized,

3    empowered and directed to enter into the Agreement.

4    I have read this Agreement and carefully reviewed every part of it with outside counsel for

5    Unico, Inc. ("Unico").  I understand the terms of this Agreement and voluntarily agree, on behalf of

6    Unico, to each of its terms.  Before signing this Agreement, I consulted outside counsel for Unico.

7    Counsel fully advised me of Unico's rights, of possible defenses, of the Sentencing Guidelines'

8    provisions, and of the consequences of entering into this Agreement.

9    I have carefully reviewed the terms of this Agreement with Unico's Board of Directors.  I have

10   been advised and caused Unico's outside counsel to advise the Board of Directors fully of Unico's

11   rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of

12   entering into the Agreement.

13   No promises or inducements have been made other than those contained in this Agreement.

14   Furthermore, no one has threatened or forced me, or to my knowledge any person authorizing this

15   Agreement on Unico's behalf, in any way to enter into this Agreement. I am also satisfied with outside

16   counsel's representation in this matter.

17

18                         Date: 1-27-2013_____.

19

20          By: _Edu.E Winters_____

21                         EDWARD WINDERS
                           Chairman of the Board
22                         Unico, Inc.

23

24

25

26

27

28

                                                                    Initials___

12

## CERTIFICATE OF COUNSEL

I am counsel for Unico Technologies, Inc. ("Unico") in the matter covered by this Agreement. In connection with such representation, I have examined relevant Unico documents and have discussed the terms of this Agreement with the Unico Board of Directors. Based on our review of the foregoing materials and discussions, I am of the opinion that: the representative of Unico has been duly authorized to enter into this Agreement on Unico's behalf and that this Agreement has been duly and validly authorized, executed, and delivered on Unico's behalf and is a valid and binding obligation of Unico. Further, I have carefully reviewed the terms of this Agreement with Unico's Board of Directors. I have fully advised them of Unico's rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement. To my knowledge, Unico's decision to enter into this Agreement, based on the authorization of the Board of Directors, is an informed and voluntary one.

Date: Jan 28, 2013

By: _____

SANJAY BHANDARI
Bhandari Law Group
Attorney for Unico, Inc.

13

**ATTACHMENT A**

**STATEMENT OF FACTS**

The following Statement of Facts is incorporated by reference as part of the Deferred Prosecution Agreement ("the Agreement") between the United States Attorney's Office ("USAO") and Unico, Inc. ("Unico"), and the parties hereby agree and stipulate that the following information is true and accurate. Unico admits, accepts, and acknowledges that it is responsible for the acts of its officers, employees, and agents as set forth below:

1.      Between 2006 and 2008, and at all relevant times, defendant Unico was an issuer with a class of securities registered under section 12 of the Securities Exchange Act of 1934, required by section 13 of the Securities Exchange Act to make regular reports including annual disclosures on Securities and Exchange Commission ("SEC") Form 10-K. Unico had its headquarters in San Diego, California.

2.      Between 2006 and 2008, and at all relevant times, Unico was led by Chief Executive Officer Mark A. Lopez ("Lopez"), a Chief Financial Officer, and a Board of Directors (the "Former Management"), none of whom, excepting one Director, remain Directors or Officers as of the date of this Agreement is signed. At all relevant times, Former Management acted knowingly, voluntarily, within their authority and for the benefit of Unico. Former Management had the power to bind Unico.

3.      On or about June 13, 2007, in the Southern District of California, and elsewhere, defendant Lopez, in a matter within the jurisdiction of the Securities and Exchange Commission, an independent agency of the Executive Branch of the United States, did make a materially false, fictitious and fraudulent statement and representation in that former management for Unico did file a Form 10-KSB for Unico's fiscal year 2007 stating in part as follows:

> During the year ended February 28, 2007, the Company entered into a total of 108 settlement transactions in the Twelfth Circuit (State) Court in Florida stemming from defaulted convertible debentures totaling $2,740,000. Unico agreed to settle each action by issuing a total of 986,744,018 shares of its common stock to the note holders. These shares were issued pursuant to Section 3(a)(10) of the Securities Act of 1933, as amended, after a hearing with notice to, and an opportunity to be heard from, interested parties, as to the fairness of each transaction, by a state court in Florida which specifically determined, prior to declaring that the transactions were exempt under Section 3(a)(10), that the transactions were fair to the interested parties. As a result of issuing shares under the settlements, the Company recorded an expense of $13,248,915 and recognized $63,829 in income from interest forgiven as part of the settlement. In

Initials ___

14

1    addition, $750,000 was paid to the Company from the debenture holders resulting from
2    an adjustment in the stock price subsequent to the court ordered settlement.

3        4.    Acting knowingly, voluntarily and within his authority as CEO for the benefit of Unico,
4    Lopez caused this statement to be made to the SEC. Lopez made this statement willfully. That is, Lopez
5    made this statement deliberately and with the knowledge that the statement was untrue.

6        5.    This statement was material to the activities and decisions of the SEC; that is, the
7    statement had a natural tendency to influence the agency's decisions ~~and activities because it concealed~~
8    ~~the true purpose of the "$750,000 payment" that was paid to Unico.~~

*[handwritten insertion: or was capable of influencing]*
*[handwritten: OR]*
*[handwritten: rcp 5b]*

Initials___

15

EXHIBIT 4, page 16
Attachment A, page 32

**ATTACHMENT B**

**CERTIFICATE OF CORPORATE RESOLUTIONS**

WHEREAS, Unico, Inc. ("Unico" or the "Company") has been engaged in discussions with the United States Attorney's Office for the Southern District of California (the "USAO") regarding violations and possible violations of the criminal law; and

WHEREAS, in order to resolve such discussions, it is proposed that the Company enter into a certain agreement with the USAO; and

WHEREAS, the Company's outside counsel, Sanjay Bhandari, has advised the Board of Directors of the Company of its rights, possible defenses, the Sentencing Guidelines' provisions, and the consequences of entering into such agreement with the USAO;

Therefore, the Board of Directors has RESOLVED that:

1.    The Company (a) consents to the filing of a one-count Information charging Unico with false and fictitious statements in violation of Title 18, United States Code, Section 1001(a)(2); (b) waives indictment on such charges and enters into a deferred prosecution agreement with the USAO; and (c) agrees to accept a monetary criminal penalty against Unico of $51,000 as set forth in the Agreement;

2.    The Chairman of the Board, Edward Winders, is hereby authorized, empowered and directed, on behalf of the Company, to execute the Deferred Prosecution Agreement substantially in such form as reviewed by this Board of Directors at this meeting;

3.    Unico's Officers and Directors are hereby authorized, empowered, and directed to take any and all actions as may be necessary or appropriate and to approve the forms, terms, or provisions of any agreement or other documents as may be necessary or appropriate, to carry out and effectuate the purpose and intent of the foregoing resolutions; and

//
//
//
//
//

Initials __

16

1    4.    All of Unico's prior actions, which actions would have been authorized by the foregoing

2  resolutions except that such actions were taken prior to the adoption of such resolutions, are hereby

3  severally ratified, confirmed, approved, and adopted as actions on behalf of the Company.

Date: 1-27-2013        .

By:     _Wayne Hoile_____
                Corporate Secretary

Initials___

17

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,    Plaintiff, ) | ) | CRIMINAL CASE NO. 12 CR 5236-IEG |
| v. | ) | |
| LOPEZ, MARK ANTHONY    Defendant. ) | ) ) | ORDER AND CONDITIONS OF PRETRIAL RELEASE: BAIL (18 U.S.C. § 3142(c)) |

A hearing was held to determine pretrial conditions of release of the defendant pursuant to 18 U.S.C. § 3142. The Federal Judge determined an unconditional release pursuant to 18 U.S.C. § 3142(b) is not sufficient to assure the appearance of the defendant and the safety of the community. Thus, conditions of pretrial release are necessary pursuant to 18 U.S.C. § 3142(c). *Good cause appearing,*
   **IT IS ORDERED** that the defendant shall be released subject to the condition that the defendant: *(a) not commit a federal, state or local crime during the period of release, (b) make all court appearances and (c) comply with the conditions itemized below, as indicated by (✓), in accordance with 18 U.S.C. § 3142(c)(2):*

**STANDARD CONDITIONS:**

✓ 1. restrict travel to ❑ San Diego County, ☑ Southern District of California, ☑ Central District of California, ❑ State of California, ❑ United States, ☑ do not enter Mexico, ❑ other: _____;

✓ 2. report for supervision to Pretrial Services Agency (PSA) as directed by the assigned PSO and pay for the reasonable costs of supervision in an amount determined by PSA and approved by the Court;

✓ 3. not possess or use any narcotic drug or controlled substance (defined in 21 U.S.C. § 802) without a lawful medical prescription;

✓ 4. not possess any firearm, dangerous weapon or destructive device during the pendency of the case;

✓ 5. read, or have explained, and acknowledge understanding of the Advice of Penalties and Sanctions Form;

✓ 6. provide a current residence address and phone number prior to release and keep it current while case pending.

**ADDITIONAL CONDITIONS:**

___ 7. Comply with all government agency conditions to be able to legally remain in the United States during pendency of the proceedings;

✓ 8. submit to treatment, and/or testing, at the discretion of the pretrial officer assigned to your case, no more than _4_ times per month, for: ❑ must abstain from alcohol ☑ drugs or alcohol, and/or ❑ psychiatric or psychological counseling;

___ 9. participate in a Global Positioning System (GPS) satellite monitoring program, ❑ active ❑ passive, including release of defendant to PSA custody; and ❑ residence restrictions and/or ❑ permissive travel for employment. Defendant and sureties are responsible for GPS equipment loss or damage.
❑ submit to supervision and custody of _____ ; and/or
❑ remain at a specified residence (curfew) between the hours of _____ P.M. and _____ A.M. daily;

✓ 10. actively seek and maintain full-time employment, schooling, or combination of both;

✓ 11. execute a personal appearance bond in the amount of $ *100,000* secured by:
☑ a trust deed to the United States on real estate approved by a Federal Judge;
☑ the co-signatures of *owners of prop* _____ financially responsible (related) adults;
☑ Nebbia hearing ☑ Exam of Sureties ❑ other: _____

___ 12. provide the court with: ❑ a cash bond and/or ❑ execute a bail bond by an approved solvent corporate surety in the amount of $ _____ that covers **ALL** conditions of release (not just appearances); _____;

___ 13. 18 U.S.C. § 3142(d) hold until _____ ; if no detainer is lodged by then, these conditions take effect;

___ 14. clear all warrants/FTAs and pay all fines within ____ days of release;

___ 15. all conditions previously set will remain the same.

✓ 16. Other conditions: *surrender passport to PSA* _____

_____

DATED: 1/22/13                    *[signature]*
                                        Federal Judge

FILED
JAN 23 2013
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

cc:    Defendant/Counsel & U.S. Pretrial Services

Form Crim-49b (Rev. 8/09)

EXHIBIT 5
Attachment A, page 35