**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SECURITIES AND EXCHANGE
COMMISSION,

     **Plaintiff,**

**v.**                                **Case No: 8:12-cv-1210-T-35MAP**

**MARK A. LEFKOWITZ, COMPASS**
**CAPITAL GROUP, INC., MARK A.**
**LOPEZ, UNICO, INC., STEVEN R.**
**PEACOCK, SHANE H. TRAVELLER,**
**and ADVANCED CELL TECHNOLOGY,**
**INC.,**

     **Defendants.**

---

## ORDER

    **THIS CAUSE** comes before the Court for consideration of the Motion for Remedies and Entry of Final Judgment ("Motion") filed by Plaintiff Securities and Exchange Commission ("SEC").  (Dkt. 151)

    On May 30, 2012, the SEC filed a Complaint for Injunctive Relief ("Complaint") in this matter against Defendants Mark A. Lefkowitz, Compass Capital Group, Inc., Mark A. Lopez, Unico, Inc., Steven R. Peacock, Shane H. Traveller, and Advanced Cell Technology, Inc. (collectively "Defendants").  (Dkt. 1)  The SEC asserted that Defendants violated Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") by illegally distributing billions of shares of penny stocks through the repeated misuse of the registration exemption contained in Section 3(a)(10).

    Defendant Mark A. Lefkowitz ("Lefkowitz") was cited for his role in the illegal distribution and subsequent resale of billions of unregistered shares of Unico, Inc.

("Unico") common stock.  (See Dkt. 1 at ¶¶ 129–133)  In the Complaint, SEC seeks an award against Lefkowitz of (i) disgorgement in an amount equal to his ill-gotten gains, plus prejudgment interest; (ii) a civil money penalty, pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"); and (iii) a permanent penny stock bar.[1]  (Id. at 50–52)  The SEC agreed to forego a civil monetary penalty from Lefkowitz in light of the judgment entered against him in the parallel criminal proceeding, U.S. v. Mark Allen Lefkowitz, 3:12-cr-04714-BTM (S.D. Cal.), which overlaps factually with this case, and in which the court ordered Lefkowitz to punishment by imprisonment for a term of 10 months.

On January 30, 2015, the SEC and Lefkowitz agreed to a partial settlement of the SEC's claims and filed a Motion for Acceptance of Consent and Entry of Consented-To Judgment Against Mark A. Lefkowitz ("Consent"), which resolved all but two remaining issues—(1) the amount of disgorgement to be awarded to the SEC, and (2) the appropriateness and amount of a civil penalty.  (Dkt. 136; Dkt. 136-1; Dkt. 136-2)  On February 18, 2015, this Court entered a Judgment As To Mark A. Lefkowitz ("Initial Judgment"), permanently barring him from participating in the offering of penny stock.  (Dkt. 149)  The Initial Judgment incorporated the terms of the Parties' Consent, including

[1] Notwithstanding the judgment imposed in this case, Defendant Lefkowitz remains under a permanent injunction that prohibits him from violating the antifraud and registration provisions of the federal securities laws.  Specifically, on November 30, 2009, in an action captioned SEC v. Compass Capital Group, Inc., et al., No. 2:08-cv-257 (D.N.V.), Lefkowitz was permanently enjoined by a United States District Court from violating Section 5 of the Securities Act, and Sections 10(b), 13(d) and 15(a), as well as Rules 10b-5 and 13d-1, of the Exchange Act. Additionally, Defendant Lefkowitz was ordered to disgorge $750,000.00, pay a civil penalty of $50,000.00, and was barred for five years from participating in a penny stock offering.  SEC v. Compass Capital Group, Inc., et al., No. 2:08-cv-257 (D.N.V.).  On December 15, 2009, in an SEC administrative proceeding captioned In the Matter of Mark A. Lefkowitz, A.P. File No. 3-13715, Lefkowitz was also permanently barred from association with any broker or dealer, pursuant to Section 15(b)(6) of the Exchange Act.

Lefkowitz's agreement that disgorgement and prejudgment interest are appropriate in this case and shall be paid by him.  See id.  The Initial Judgment and Consent provides in pertinent part:

> [T]he Court shall order disgorgement of ill-gotten gains and prejudgment interest thereon; that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission; and that prejudgment interest shall be calculated from January 11, 2008, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).

(Dkt. 149; Dkt. 136-1 at ¶ 4).

On August 2, 2018, the SEC filed this instant Motion seeking monetary judgement against Lefkowitz in the amount of $5,817,569.00 ($3,940,913.00 disgorgement + $1,876,656.00 prejudgment interest = $5,817,569.00).  (Dkt. 151)  The SEC asserts that this amount reasonably represents the ill-gotten gains received by Lefkowitz for the gross proceeds obtained by Lefkowitz-Related Entities upon their sale of the unregistered Unico shares in the Section 3(a)(10) settlements that occurred within the five-year limitations period.[2]  (Dkt. 1 at ¶50, 31–34)

On October 17, 2018, this Court entered a Show Cause Order directing that Lefkowitz "file a response" to the SEC's instant Motion.  (Dkt. 153)  The Court admonished that Lefkowitz's failure to respond within the seven (7) day period would "result in the Court considering the motion to be unopposed."  (Id.)  A review of the record reveals that,

---

[2] The SEC's disgorgement request is limited to the four settlements identified in Rows 31 through 34 of Paragraph 50 of the Complaint—(1) June 20, 2007 (Compass Capital and Outboard), (2) August 29, 2007 (Compass Capital), (3) August 29, 2007 (Outboard), and (4) January 2, 2008 (Outboard).  (Dkt. 1 at ¶ 50, 31–34).  In accordance with the Supreme Court's decision in Kokesh v. SEC, 137 S. Ct. 1635 (2017), a 5-year limitations period applies to SEC requests for disgorgement.  The aforementioned settlements reflect the ill-gotten gains received by Lefkowitz within the proscribed limitations period.

to date, Lefkowitz has failed to respond to the Motion, and the time to do so has now expired; thus, the Court considers the SEC's Motion to be unopposed.

Disgorgement is an equitable remedy designed both to deprive a wrongdoer of his unjust enrichment and to deter others from violating the securities laws. SEC v. Levin, 849 F.3d 995, 1006 (11th Cir. 2017); SEC v. Monterosso, 756 F.3d 1326, 1337 (11th Cir. 2014). A district court has broad discretion in calculating the amount to be disgorged. SEC v. First Jersey Secs., Inc., 101 F.3d 1450, 1475 (2d Cir. 1996), cert. denied, 522 U.S. 812 (1997). The SEC need only produce a reasonable approximation of a defendant's ill-gotten gains. Monterosso, 756 F.3d at 1337; see also SEC v. ETS Payphones, Inc., 408 F.3d 727, 735 (11th Cir. 2005) (SEC's burden for showing the amount of disgorgement "is light" and "[e]xactitude is not a requirement"). "So long as the measure of disgorgement is reasonable, any risk of uncertainty should fall on the wrongdoer whose illegal conduct created the uncertainty." SEC v. Calvo, 378 F.3d 1211, 1217 (11th Cir. 2004).

Once the SEC has established a reasonable approximation of ill-gotten gains, the burden then shifts to the wrongdoer to demonstrate that the SEC's estimate is not reasonable. Calvo, 378 F.3d at 1217; SEC v. Video Without Boundaries, Inc., 2010 WL 5790684 (S.D. Fla. Dec. 8, 2010). Additionally, where a securities law violator has enjoyed access to funds over a period of time as a result of its wrongdoing, "requiring the violator to pay prejudgment interest is consistent with the equitable purpose of the remedy of disgorgement." SEC v. Utsick, 2009 WL 1404726, at *15 (S.D. Fla. 2009); SEC v. Carrillo, 325 F.3d 1268, 1269 (11th Cir. 2003).

Here, the SEC seeks a monetary judgement against Lefkowitz in the amount of $5,817,569.00 ($3,940,913.00 disgorgement + $1,876,656.00 prejudgment interest = $5,817,569.00).  (Dkt. 151)  The $3,940,913.00 disgorgement is based on Lefkowitz's capacity as the owner of the Lefkowitz-Related Entities.  (Dkt. 136-1)  This disgorgement amount reasonably represents the proceeds from the sale of unrestricted Unico shares that were received by the Lefkowitz-Related Entities in the four settlements that occurred within the proscribed five-year limitations period.  (Dkt. 152 at ¶¶ 5-7, 8-12, 13-18, 19-24, 25-28, 29)  Additionally, prejudgment interest in the amount of $1,876,656.00 is not only appropriate, but, Lefkowitz already agreed in the Consent to the rate at which interest shall be calculated, as well as the beginning and end dates for the accrual calculation. Specifically, Lefkowitz consented to pay prejudgment interest on his disgorgement amount, from January 11, 2008 to the present, calculated at the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).[3]  (Dkt. 136-1 at ¶ 4).

Accordingly, it is hereby **ORDERED**:

1. Plaintiff SEC's Motion for Remedies and Entry of Final Judgment, (Dkt. 151), is **GRANTED.**

---

[3] The IRS underpayment rate, 26 U.S.C. § 6621(a)(2), is a rate of interest that "reflects what it would have cost to borrow the money from the government and therefore reasonably approximates one of the benefits the defendant received from its fraud."  SEC v. First Jersey Secs., Inc., 101 F.3d 1450, 1476 (2d Cir. 1996), cert. denied, 522 U.S. 812 (1997); see also SEC v. Lauer, 478 Fed Appx. 550, 2012 WL 1352930, at *6 (11th Cir. Apr. 19, 2012); SEC v. GMC Holding Corp., 2009 WL 506872, at *6 (M.D. Fla. Feb. 27, 2009); SEC v. Aleksey, 2007 WL 1789113, at *2 (M.D. Fla. June 19, 2007).  The final consent judgments entered by this Court against all Defendants required payment of prejudgment interest in amounts that were calculated at the IRS underpayment rate.  (See e.g., Dkt. 144; Dkt. 145; Dkt. 147; Dkt. 148).

2. The Clerk is directed to enter **FINAL JUDGMENT** in favor of the Plaintiff, SEC, and against Defendant, Mark. A. Lefkowitz.

3. The Clerk is directed to enter a **MONETARY JUDGMENT** against Defendant, Mark. A. Lefkowitz, for a total of disgorgement amount of **$3,940,913.00**. This award shall bear post-judgment interest at the rate prescribed by 26 U.S.C. § 6621(a)(2), accruing from January 11, 2008 as agreed on by the Parties in the Consent, (Dkt. 136), for a total prejudgment interest amount of **$1,876,656.00**. The total **MONETARY JUDGMENT** amount entered against Lefkowitz is **$5,817,569.00**.

4. The Court reserves jurisdiction to determine the amount of attorney's fees, costs, and expenses to be awarded to Plaintiff. Such a motion shall be filed **within fourteen (14) days** of the date of this Order.

5. The Clerk is directed to **TERMINATE** any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of December, 2018.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any pro se party

- 6 -